```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEYONA N. LOYD,

        Plaintiff,
                                        MEMORANDUM & ORDER
           -against-
                                        20-cv-1356(KAM)(LB)
SERVICES FOR THE UNDERSERVED INC.;
AQIYLA DUNLAP; KARLENE AUSTIN;          NOT FOR PUBLICATION
JANE DOE 1; JANE DOE 2; JANE DOE 3;
JALEESA HARRISON; SHANNA GUTHRIE;
GLORIA ABITOL; BYRON SAVAGE; TIASHA
CODGINTON; SHAQUAWANA KIRKLAND;
TIA SMITH; PATRYCE MCQUEEN; TAYLOR
RIVERS; CHARLES RIVERS; JOHN DOE 1,

        Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge**:

Plaintiff Keyona N. Loyd brings this *pro se* action invoking the court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's application to proceed *in forma pauperis* is granted. For the reasons stated below, the complaint is dismissed and plaintiff is granted 30 days leave to file an amended complaint.

## BACKGROUND

Keyona N. Loyd, a citizen of Brooklyn, New York, brings this action against Services for the Underserved ("SUS"), a private, not-for-profit social services agency, headquartered in New York County, that provides mental health treatment and

1

housing assistance to individuals in need, and 16 individual employees of SUS. *See* Our Services, Services for the Underserved, https://sus.org/our-services (last visited Aug. 11, 2020). Plaintiff alleges that since 2011, she has been unfairly treated and humiliated by employees of SUS, in relation to her housing in two separate apartments operated by SUS. Plaintiff sets forth a litany of grievances against various employees, mainly related to monthly employee visits to her apartment, which have caused her to "suffer from emotionally, headaches d[ue] to stress, mental anguish, anxiety and frustration." (ECF No. 1, Complaint ("Compl.") 14.) Plaintiff seeks "three hundred and eighty million dollars" in damages. (*Id.* 13.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

A *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Singh v. U.S. Citizenship and Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182,

1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## DISCUSSION

The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.*

Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff's claim clearly fails as she does not have an employment relationship with defendants. Plaintiff's complaint does not set forth any

4

other federal claims or otherwise assert a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331.

Nor does there appear to be a basis for diversity jurisdiction. Federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between plaintiff and all defendants. *Bartlett v. Honeywell Int'l Inc.*, 773 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . .") (citing 28 U.S.C. § 1332(a)); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."). Plaintiff fails to establish that this court has diversity jurisdiction over this action because her citizenship is the same as the defendants.

5

**CONCLUSION**

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). In light of this court's duty to liberally construe *pro se* complaints and in an abundance of caution, plaintiff is granted 30 days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Should Plaintiff elect to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 20-CV-1356 (KAM)(LB). Plaintiff must set forth in the statement of claim sufficient factual content to allow the court "to draw the reasonable inference" that each defendant named in the amended complaint is liable for the misconduct or harm caused to plaintiff, *Iqbal*, 556 U.S. at 678, and that such conduct is in violation of a federal constitutional or statutory right. The amended complaint shall replace the original complaint in its entirety. That is, the amended complaint must stand on its own without reference to the original complaint. If plaintiff fails to file an amended complaint within the time allowed or show good cause why she cannot comply, an order and judgment dismissing this action shall be entered.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   October 20, 2020
         Brooklyn, New York

                                        /s/
                              Kiyo A. Matsumoto
                              United States District Judge